UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BRUCE JEFFERSON, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | 3:00CV1978(WWE)(HBF) |
| | : | |
| BRIAN FOLEY, | : | |
| JEFF ANTUNA | : | |
|     Defendants. | : | NOVEMBER    , 2004 |

## S E C O N D   A M E N D E D   C O M P L A I N T

1.  This is an action against a members of the Hartford Police Department for the use of unreasonable force and unreasonable search and seizure against the plaintiff in violation of his rights as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.

2.  Jurisdiction of this Court is invoked under the provisions of §§1331, 1343(3) and 1367(a) of Title 28 and §§1983 and 1988 of Title 42 of the United States Code, and the Fourth and Fourteenth Amendments to the United States Constitution.

3.  The plaintiff was at all times relevant to this action a homeless person residing in the City of Hartford.

4.  Defendant Foley was at all times relevant to this action, and he remains, a police officer employed by the City of Hartford Police Department. He is sued in his individual capacity only.

5.  Defendant Foley was at all times relevant to this action, and he remains, a police officer employed by the City of Hartford Police Department. He is sued in his

individual capacity only.

6. At all times relevant to this action, each defendant was acting under color of law and under cloak of the authority vested in his as a police officer. Each defendant had a duty to prevent his fellow law enforcement officers from violating the rights of the plaintiff, and each defendant intentionally and/or recklessly failed to prevent such violations despite having an opportunity to do so.

7. The plaintiff has been more many years economically destitute and has been compelled from time to time to live on the streets of Hartford, sometimes begging for money to secure food and shelter.

8. The defendants, each of the, together with fellow police officers whose identity is unknown at this point, patrolled City streets from the period 1998 to the time of the filing of the first Amended Complaint in this action in 2001. A part of their responsibility involved community policing, a policy under which the officers were trained and expected to keep a high profile in the community, both as a means of deterring crime and as a means developing relationships of trust with persons in the community.

9. As a result of their patrol activities, the officers became aware of the identity and habits of the plaintiff, Mr. Jefferson.

10. The defendants knew and understood that Mr. Jefferson lacked a residence and lived a peripatetic lifestyle.

11. The defendants engaged in an intentional course of conduct designed to force Mr. Jefferson from the City of Hartford by a concerted pattern of harassment and intimidation, which included random seizures of his person, chasing him without

justification or excuse and the use of physical force against him without justification or excuse.

12. The acts complained of in this course of intimidating conduct involved random stops of the plaintiff in 1997, 1998, 1999 and 2000 during which the plaintiff was:

    a. Chased and told "If you don't stop running, I'll shoot you;" yet, on another occasion when he stopped running, defendant Foley told him he wished the plaintiff had kept running," implying that the officer would then be justified in shooting him.

    b. Incidents of physical force, including being struck and maced at times in which the plaintiff was not resisting the officers' commands.

    c. Constantly stopped, detained, frisked and roughed up for no apparent reason other than that he was homeless.

    d. Repeatedly told that if he were spotted in certain areas of the City he would be arrested.

    e. Told such things by Defendant Foley as: "I'm tired of getting calls on your black ass. If you don't stay out of Hartford, I'm gonna kill you.... I'm gonna kill you."

13. As a direct and proximate result of the force used by the defendant, the plaintiff suffered contusions, fear, anxiety, pain and the loss of the constitutional rights herein described.

14. The defendant acts were intentional, inspired by malice and

unreasonable.

15. No reasonable police officer in the defendants' position would have considered these acts reasonable or lawful.

WHEREFORE, the plaintiff claims damages as follows:

    A. Compensatory damages;

    B. Punitive damages;

    C. Attorney's fees arising under 42 U.S.C. Section 1988;

    D. Such other relief as this Court deems fair and and equitable.

THE PLAINTIFF

By_____
NORMAN A. PATTIS
Williams and Pattis, LLC
51 Elm St., Suite 409
New Haven, CT 06510
203.562.9931
Ct13120
203.776.9494

## **CERTIFICATION**

The foregoing was mailed this 22nd day of November to Eric P. Daigle, Halloran & Sage, 225 Asylum Street, Hartford, CT 06103.

_____
NORMAN A. PATTIS