UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BRUCE JEFFERSON,<br>    Plaintiff | : <br> : <br> : | |
| VS. | : | 3:04CV01978(WWE)(hbf) |
| BRIAN FOLEY,<br>JEFF ANTUNA,<br>    Defendants. | : <br> : <br> : <br> : | <br> <br> <br> DECEMBER     , 2004 |

## REPORT OF PARTIES' PLANNING MEETING

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and Local Civil Rule 38, a conference was held on November   , 2004.  The participants were Norman A. Pattis for the plaintiff and Eric P. Daigle for the defendants.

I.  CERTIFICATION

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan.  Counsel further certify that they have forwarded a copy of this report to their clients.

II.  JURISDICTION

   A.  SUBJECT MATTER JURISDICTION

The basis for the court's subject matter jurisdiction is that the suit raises claims arising under this Court's federal question jurisdiction, in particular, abridgement of the plaintiff's rights to freedom from unreasonable seizure and excessive force arising under the Fourth

Amendment to the United States Constitution.

    B.  PERSONAL JURISDICTION

Personal jurisdiction is not contested.

III.  BRIEF DESCRIPTION OF CASE

The plaintiff contends she was subjected to a pattern and practice of harassment by the defendant police officers because the plaintiff was homeless and the officers wanted to drive him out of town. The plaintiff now has a home, in custody.

The defendants deny any unlawful conduct, and, assert a defense of qualified immunity.

The case has languished for some time as the plaintiff was for several years pro se. Mr. Pattis has accepted at appointment to serve as pro bono counsel.

IV.  STATEMENT OF UNDISPUTED FACTS:

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute.  The parties state that the following material facts are undisputed:

None at this point.

V.  CASE MANAGEMENT PLAN:

    A.  STANDING ORDER ON SCHEDULING IN CIVIL CASES

The parties request a modification of the deadlines in the Standing Order On Scheduling In Civil Cases as follows:

    B.  SCHEDULING CONFERENCE WITH THE COURT

The parties do not request a pretrial conference with the Court before entry of a

scheduling order pursuant to Fed. R. Civ. P. 16(b).

C.  EARLY SETTLEMENT CONFERENCE

1.  The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice.  Settlement is unlikely at this time.

2.  The parties do not request an early settlement conference.

3.  The parties prefer a settlement conference with a United States Magistrate Judge.

4.  The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 36.

D.  JOINDER OF PARTIES AND AMENDMENT OF PLEADINGS

1.  Plaintiff has filed a second amended complaint, following the pro se plaintiff's original complaint and amended complaint. does not intent to join additional parties. The defendant should be given until December 22, 2004 to answer the second amended complaint.

F.  DISCOVERY

1.  The parties anticipate that discovery will be needed on the following subjects: The extent to which the defendants rousted or otherwise hassled the plaintiff, and the justifications given for this conduct. What damages, if any, the plaintiff sustained.

2.  All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)94), will be commence immediately.

3.  Discovery will not be conducted in phases.

4.  The parties anticipate that the plaintiff will require a total of five depositions of fact witnesses and the defendant will require a total of five depositions of fact witnesses.  The depositions will commence immediately and be completed by December 1, 2005.

5.  The parties may request permission to serve more than twenty-five interrogatories.

6.  Plaintiff does not intend to call expert witnesses at trial.  Plaintiff will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by September 1, 2005, a date not later than three months before the deadline for completing all discovery.  Depositions of any such experts will be completed by October 1, 2005, a date not later than two months before the deadline for completing all discovery.

7.  Defendants will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by November 1, 2005, a date not later than one month before the deadline for completing all discovery.  Depositions of such experts will be completed by December 1, 2005, a date not later than the discovery cutoff date.

8.  A damages analysis will be provided by any party who has a claim or counterclaim for damages by July 1, 2005.

G.  DISPOSITIVE MOTIONS:

Dispositive motions will be filed on or before December 31, 2005.

H.  JOINT TRIAL MEMORANDUM

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed by December 31,, 2005, or thirty days after any ruling on dispositive

motions, which ever is later.

IV.  TRIAL READINESS

The case will be ready for trial by January 1, 2006.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

THE PLAINTIFF

BY:_____
    NORMAN A. PATTIS
    Federal Bar No. ct13120
    51 Elm Street
    New Haven, CT 06510
    203/562-9931
    FAX:  203/776-9494
    His Attorney

Date:_____

THE DEFENDANTS

BY:_____
    ERIC DAIGLE
    Federal Bar No.
    Halloran & Sage
    225 Asylum Street
    Hartford, CT 06103
    860.241.4098
    Fax: 860.548.0006

        Their attorney

Date:_____