UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BRUCE D. JEFFERSON | : | |
|     Plaintiff | : | CIVIL ACTION NO. |
| | : | 3:00 CV1978 (WWE) |
| VS. | : | |
| | : | |
| OFFICER BRIAN FOLEY | : | |
| OFFICER JEFF ANTUNA | : | JANUARY 12, 2005 |
|     Defendants | : | |

**MEMORANDUM OF LAW IS SUPPORT OF**
**DEFENDANTS' MOTION TO DISMISS**

Pursuant to Rules 4(m), 4(e), 8, and 10 of the Federal Rules of Civil Procedure, the defendants, Officer Brian Foley and Officer Jeff Antuna, move to dismiss the plaintiff's Second Amended Complaint insofar as it directs any claims to them. In addition, the plaintiff has failed to state a claim for which relief can be granted under the Fourteenth Amendment.

For the reasons set forth herein, the defendants' motion should be granted.

**I.     PROCEDURAL HISTORY**

This lawsuit was commenced on October 13, 2000 by the incarcerated plaintiff, Bruce D. Jefferson. On December 4, 2000, the Court issued an Order directing the plaintiff to complete the necessary documents, including the USM-285 forms, for each defendant to be served in both their official and individual capacities. On January 3, 2001, notice was issued that the summonses had been forwarded to the U.S. Marshals for service in accordance with the prior order and the Court indicated that return of

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

service was due by March 14, 2001.  On February 8, 2001, summonses were returned executed as to Officer Jeff Antuna and Officer Brian Foley in their official capacities (Doc. #12).  **Exh. A**.  On March 8, 2001, the defendants filed a Motion for More Definite Statement (Doc. #14) which was granted by the Court on May 9, 2001 (Doc. #22).  As such, the plaintiff was directed to file an Amended Complaint incorporating the statements and factual allegations contained in the previous documents filed.  The Court docket reflects that on May 3, 2001, the summonses were returned unexecuted as to Officer Jeff Antuna (Doc #20) in his individual capacity and executed as to Officer Brian Foley (Doc #21) in his individual capacity.  **Exh. B**.  However, a closer review of the return (Doc #21) shows that proper service was not made on Officer Foley.  On June 4, 2001, the plaintiff filed an Amended Complaint which was answered on June 11, 2001.  On December 12, 2001, the plaintiff issued a Notice of Appeal (Doc. #35) as to the Court's Ruling and Memorandum dated November 27, 2001 (Doc. #33).  On June 3, 2002, that appeal was dismissed (Doc. #38).  On April 12, 2004, Attorney Norman Pattis filed an Appearance on behalf of the plaintiff.  Subsequently, on November 23, 2004, the plaintiff filed a Second Amended Complaint against the undersigned defendants, to which this Motion to Dismiss is addressed.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

## II. FACTUAL ALLEGATIONS

By Second Amended Complaint dated November 22, 2004, the plaintiff, Bruce Jefferson, alleges that members of the Hartford Police Department used unreasonable force against him and conducted unreasonable searches and seizures of him in violation of his rights as guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution. The plaintiff invokes the civil remedies available under 42 U.S.C. §§ 1983 and 1988 in support of his federal claims that the defendants used unreasonable force against him and conducted unreasonable searches and seizures of him.

In particular, the plaintiff has alleged that during their patrol activities, the defendant officers became aware of the identity and habits of the plaintiff, who is alleged to have lacked a residence and was living a peripatetic lifestyle. *Second Amended Complaint* ¶¶ 9, 10. The plaintiff alleges that Officers Foley and Antuna conducted a pattern of harassment and intimidation, which included random seizures of his person, chasing him without justification and using physical force against him. *Id.* ¶ 11. The plaintiff alleges that these acts occurred in 1997, 1998, 1999 and 2000. *Id.* ¶ 12.

## III. ARGUMENT

### A. The Complaint Fails To Comply With Federal Rules 8 and 10.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Rule 8 of the Federal Rules of Civil Procedure provides, in relevant part, that a complaint shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The rule provides further that "each averment of a pleading shall be simple, concise, and direct." Fed. R. Civ. P. 8(e)(1). The purpose of the Rule is to ensure that the court and adverse parties can understand the allegations of the claims against them and frame a response to it. <u>Salahuddin v. Cuomo</u>, 861 F.2d 40, 42 (2d Cir. 1988). In <u>Salahuddin</u>, the Second Circuit explained the purpose behind Rule 8:

> [t]he statement should be plain because the principle function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial.

<u>Id</u>. (internal citations omitted), <u>citing</u> 5 Wright & Miller <u>Federal Practice and Procedures</u>, § 1281, at 365 (1969). When a complaint fails to comply with these requirements, the court has the power, on a motion or *sua sponte*, to dismiss the complaint. <u>Simmons v. Abruzzo</u>, 49 F.3d 83, 86-87 (2d Cir. 1995).

Rule 8 imposes that litigants are required to satisfy "notice" pleading obligations. As such, they must provide the defendants with fair notice of their claims and the grounds on which the claim rests. <u>See</u> <u>Swierkiewicz v. Sorema</u> 534 U.S. 506, 512, (2002); <u>Conley v. Gibson</u>, 355 U.S. 41, 47, (1957) However, the plaintiff is not relieved

One Goodwin Square  
225 Asylum Street  
Hartford, CT 06103

HALLORAN  
& SAGE LLP

Phone (860) 522-6103  
Fax (860) 548-0006  
Juris No. 26105

of the obligation to provide either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory. Andrews v. Ohio, 104 F.3d 803, 806 (6th Cir. 1997).  The Second Circuit has held that complaints relying on civil rights statutes are plainly insufficient unless they contain some specific allegations of fact indicating deprivation of civil rights, rather than stating simple conclusions. Koch v. Yunich, 533 F.2d 80, 85 (2d. Cir. 1976); Powell v. Jervis, 460 F.2d 551, 553 (2d Cir. 1972); Kauffman v. Moss, 420 F.2d 1270, 1275 (3d Cir.), cert. denied, 400 U.S. 846, 91 S.Ct. 93, 27 L.Ed.2d 84 (1970); Powell v. Workmen's Compensation Board of the State of New York, 327 F.2d 131, 137 (2d Cir. 1964).  In Powell, the Court held that a complaint in a civil rights case must set forth facts showing some intentional and purposeful deprivation of constitutional rights. Id. at 137.  In addition, the plaintiff is bound to do more than merely state vague and conclusory allegations but must allege with at least some degree of particularity overt acts of the defendants. Id.  It is proper to dismiss an action when no such facts are alleged.  Koch at 86.

In the present case, the Complaint fails to comport with the requirements of Rule 8 in that it contains ambiguous, vague and conclusory allegations to which the defendants cannot reasonably be expected to frame a response.  The totality of the facts alleged by the plaintiff state that:

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

11. The defendants engaged in an intentional course of conduct designed to force Mr. Jefferson from the City of Hartford by a concerted pattern of harassment and intimidation, which included random seizures of his person, chasing him without justification or excuse and the use of physical force against him without justification.

12. The acts of complained of in this course of intimidating conduct involved random stops of the plaintiff in 1997, 1998, 1999, and 2000

   a. Chased and told "If you don't stop running, I'll shoot you;" yet, on another occasion when he stopped running, defendant Foley told him he wished the plaintiff had kept running, "implying that the officer would then be justified in shooting him.

   b. Incidents of physical force, including being struck and maced at times in which the plaintiff was not resisting the officers' commands.

   c. Constantly stopped, detained, frisked and roughed up for no apparent reason other than that he was homeless.

   d. Repeatedly told that if he were spotted in certain areas of the City, he would be arrested.

   e. Told such things by Defendant Foley as: "I'm tired of getting calls on your black ass. If you don't stay out of Hartford, I'm gonna kill you ... I'm gonna kill you."

*Second Amended Complaint* ¶¶ 11, 12. As such, the Complaint is so vague and void of particular facts that it fails to identify the overt acts of the defendants and afford the defendants the ability to understand, acknowledge, defend and respond to the plaintiff's allegations. In addition, the plaintiff has failed to provide a distinction as to which

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

defendant actually did what. In its present form, the Complaint impedes the defendants' ability to frame a response. Accordingly, the Complaint should be dismissed pursuant to Rule 8.

### B. Alternatively The Plaintiff Should Provide A More Definite Statement.

Rule 12(e) of the Federal Rules of Civil Procedure provides in pertinent part:

> [i]f a pleading to which a responsive pleading is permitted is so vague and ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before an opposing or responsive pleading. The motion shall point out the defects complained of and the details desired.

Although motions for more definite statement generally are not favored, see Williams v. Allen, 616 F. Supp. 653, 659 (E.D.N.Y. 1985), courts have held that a motion for a more definite statement is an appropriate remedy for pleading deficiencies such as failure of a civil rights plaintiff to identify "which defendant did what" and instead advances legal conclusions that certain persons or entities violated the plaintiff's civil rights. Gierlinger v. New York State Police, 738 F. Supp. 96, 98 (W.D.N.Y. 1990).

As already set forth in the preceding section of this Memorandum, the plaintiff's Complaint illustrates, at a minimum, the need for a more definite (and concise) statement of his claims. It is impossible for the defendants to frame a responsive pleading to this Complaint in its present form.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Should the Court decide not to dismiss the plaintiff's Complaint pursuant to Rule 8, it should order the plaintiff to provide a more definite (and concise) statement that: articulates the specific and concise conduct by <u>each</u> <u>defendant</u> which supports his claims, differentiates the conduct of each defendant with respect to his claims and specific factual allegations indicating deprivation of the plaintiff's civil rights.  Without these revisions, the defendants can neither file a responsive pleading nor fashion a substantive motion to dismiss.

**C.** **Plaintiff Has Failed To Timely Serve Defendants In Accordance with Rule 4(m).**

Dismissal is warranted when the plaintiff has not served a copy of the complaint on a defendant within 120 days.  Specifically, Rule 4(m) provides:

> [i]f service of the Summons and Complaint is not made upon a defendant within 120 days after the filing of the Complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m) (1993); <u>Troxell v. Fedders of North America, Inc.</u>, 160 F. 3d 381, 382 (7th Cir. 1998); <u>Lowe v. Hart</u>, 157 F.R.D. 550 (M.D. Fla. 1994).

The plaintiff filed a Second Amended Complaint dated November 22, 2004 alleging constitutional violations against Officer Foley in his individual capacity only.  There is no

- 8 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

reference to Officer Antuna in the Second Amended Complaint and as such, the Court should find all claims against Officer Antuna abandoned. According to the Court file, this action was commenced on October 13, 2000 by the plaintiff. On January 3, 2001 the Court ordered the U.S. Marshal to make service by March 14, 2001. On February 8, 2001 the summonses were returned to the Court executed as to Officer Jeff Antuna (Doc #12) and Officer Brian Foley (Doc # 13) in their official capacity. **Exh. A.** The Court docket reflects that on May 3, 2001, the summonses were returned unexecuted as to Officer Jeff Antuna in his individual capacity (Doc #20) and executed as to Officer Brian Foley in his individual capacity (Doc #21). **Exh. B**. However, a closer review of the return (Doc #21) shows that proper service was not made on Officer Foley. As such, if the Court finds Officer Antuna is a defendant, the plaintiff has failed to serve defendants individually within 120 days and this case should be dismissed.

D. **Plaintiff Has Failed To Properly Serve The Defendants.**

If the Court concludes that the plaintiff has made timely service on the defendants in their individual capacities, the service was not accomplished in accordance with Rule 4(e). Dismissal is warranted when the plaintiff has not served a copy of the complaint in accordance with state law or at the defendant's abode. When a suit alleges claims against an individual, the defendant is entitled to individual service. Cornett v. Congregane, 785 F. Supp. 434, 436 (S.D.N.Y. 1992). Connecticut law requires that,

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

except as otherwise provided, service of process on an individual must be made either by personal service or by leaving a true attested copy thereof at the defendant's usual place of abode.  Conn. Gen. Stat. §§ 52-57 and 52-57a; see also O'Brien v. Perry, WL 61697 (Conn. Super. Jan 26, 1999)(Service of process to a police department dispatcher was not proper individual service).  It is clear that individual service was not made on the undersigned defendants and the statute of limitations has passed.  As such, all claims against the defendants should be dismissed.

> E.   **The Plaintiff Has Failed to State a Claim For Which Relief Can Be Granted Under the Fourteenth Amendment.**

It is well-established that § 1983 does not create substantive rights, it merely provides a remedy for violations of rights created elsewhere.  Baker v. McCollan, 443 U.S. 137, 144, 99 S.Ct. 2689 (1979); Chapman v. Houston Welfare Rights Organization, 411 U.S. 600, 618, 99 S.Ct. 1905 (1979); Albright v. Oliver, 510 U.S. 266, 114 S.Ct. 807, 811 (1994).  Thus, to maintain an action under 42 U.S.C. § 1983, the plaintiff must point to a cognizable federal right.  Ruggiero v. Krzeminski, 928 F.2d 558, 562 (2d Cir. 1991).

Our Supreme Court has firmly established that the only source of constitutional protection for claims of unreasonable or excessive use of force employed by law enforcement officers during arrests, investigatory stops or other seizures is the Fourth

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Amendment.  Graham v. Connor, 490 U.S. 386, 395, 109 S.Ct. 1865, 1871 (1989); Tennessee v. Garner, 471 U.S. 1, 7-22, 105 S.Ct. 1694, 1699-1707 (1985).  When an excessive force claim "arises in the context of an arrest or investigatory stop of a free citizen, it is most properly characterized as one invoking the protections of the Fourth Amendment[.]"  Graham, 490 U.S. at 394, 109 S.Ct. at 1871.  The Supreme Court has more recently reaffirmed this principle in Albright v. Oliver:

> [w]hen a particular amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims.

510 U.S. 266, 114 S.Ct. 807, 812 (1994).

The Fourteenth Amendment only applies in the non-seizure, non-prisoner context. Rodriguez v. Phillips, 66 F.3d 470, 477 (2d Cir. 1995).  Similarly, claims alleging excessive force, unlawful arrest and malicious prosecution are properly analyzed under the Fourth Amendment.  As such, the plaintiff has failed to state a cognizable claim under the Fourteenth Amendment to the United States Constitution.

### III.   CONCLUSION

WHEREFORE, for the foregoing reasons, the undersigned defendants respectfully request that the Court grant their Motion to Dismiss.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

DEFENDANTS,
OFFICER BRIAN FOLEY
OFFICER JEFF ANTUNA

BY: _____
Eric P. Daigle
Fed. Bar No. ct23486
HALLORAN & SAGE LLP
One Goodwin Square
Hartford, CT  06103
Tel: (860) 522-6103
daigle@halloran-sage.com

### CERTIFICATION

This is to certify that on this 12th day of January, 2005, the foregoing was either mailed, postpaid, or hand-delivered to:

Norman A. Pattis, Esquire
Williams and Pattis, LLC
51 Elm Street, Suite 409
New Haven, CT 06510


_____
Eric P. Daigle

635209.1(HS-FP)